IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE M. WILLIS,

Plaintiff, No. CIV S-06-0242 MCE JFM PS

vs.

JAMES TINGEY,

Defendant. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is proceeding pro se with a complaint filed under 28 U.S.C. § 1331.[1] Plaintiff's complaint is entitled "Complaint for Damages, and Trespass on Plaintiff's Privileges and Immunities (1)-(8) Amendments, for Trespass on Plaintiff's Private Property and Damages to That Property Without Written Agreement." (Complaint at 1.) Plaintiff seeks actual damages in the amount of $25,000.00 and punitive damages in the amount of $75,000.00.

Defendants' February 28, 2006 motion to dismiss came on regularly for hearing May 4, 2006. Plaintiff appeared in propria person. Richard N. Bates appeared for defendant. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

---

[1] Plaintiff affirmatively states he is not filing a civil rights action under 42 U.S.C. § 1983.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Defendant contends there is no basis for federal question jurisdiction herein. Defendant argues that plaintiff's allegations that defendant has violated plaintiff's constitutional rights are conclusory. (Motion at 6.) Defendant contends that plaintiff has failed to demonstrate how recording and attempting to foreclose a lien constitutes a trespass or, if he is alleging the performance of the termite work on his private property constituted a trespass, how that gives rise to a federal action, as opposed to a state court action for damages for trespass. (Motion at 6.) Moreover, defendant states he filed an action to foreclose his lien on November 10, 2005, in the Shasta County Superior Court, in case number 05CV1294.[2] (Motion at 4.)

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). The Shasta County Superior Court's website confirms the filing of Case No. MCRDCVG-05-0001294 on November 10, 2005. See http://www.shastacourts.com/indexes/show_parties.php?case_key=a7a05.

Plaintiff alleges that this matter is a "private property issue [that] falls under the Federal Constitution under the Protections of no trespass on plaintiff's privilege and Immunities (1)-(8)." (Complaint at 3.) Plaintiff confirms that James Tingey, doing business as "Beetlejuice," placed on the private property of plaintiff a mechanics lien, dated September 28, 2005, for the amount of $2,905.00. Plaintiff appended a copy of a work agreement from Beetlejuice Pest Control dated July 25, 2005, setting forth an amount of $2,740.00. (Complaint, Ex. A.)

In his opposition, plaintiff challenges various procedural issues (Opp'n at 1-2) and argues defendant has "produced no statement, documentation, deposition or affidavit to rebut plaintiff's claim for damages." (Opp'n. at 2.) The court will first address plaintiff's procedural concerns seriatim, and will then address the merits of defendant's motion.

Plaintiff argues Richard N. Bates is not a party to this action and therefore has no personal knowledge of the events at issue herein. (Opp'n. at 1-2.) Plaintiff contends counsel also failed to sign the motion and affidavit in support of the motion. (Opp'n. at 1.) In his reply, counsel for defendant explained that he initially served unsigned copies of his filings on plaintiff at an outdated address. However, defendant's motion, opposition and reply filed with the court contain his counsel's electronic signatures as required by Local Rule 7-131. Moreover, counsel has confirmed that he has maintained in his file the original signed documents. (Opp'n. at 2.)

Counsel for defendant further explained that he initially served plaintiff by using the address he had from the state court action. (Opp'n. at 3.) Once counsel received the returned mail, he "immediately placed the returned envelope in a new envelope addressed to plaintiff at the correct city address." (Opp'n. at 3.) The hearing on the motion was continued to allow plaintiff additional time to file an opposition, which plaintiff has now filed. Thus, plaintiff has not been prejudiced by this brief delay in mailing.

Plaintiff also contends that defendant untimely failed to respond to the complaint. (Opp'n. at 2.) However, on March 7, 2006, summons were returned noting service of process on

defendant was executed on February 8, 2006. Defendant filed a motion to dismiss on February 28, 2006. Defendant's response was, therefore, timely despite a delay in mailing the response to plaintiff.

The court now turns to the merits of defendant's motion. Despite plaintiff's efforts to artfully plead this case as raising a federal question, it is clear from plaintiff's complaint that the dispute arises from the mechanic's lien placed on plaintiff's real property which derived from pest control services applied to plaintiff's real property, either with or without plaintiff's permission. These bare allegations do not state a constitutional violation. Moreover, it appears defendant is attempting to foreclose on the mechanic's lien in an action filed in the Shasta County Superior Court. Any defenses or allegations plaintiff has concerning forgery, lack of permission and/or trespass on his real property, are more appropriately raised in that action or in a separate action filed in state court.

Federal subject matter jurisdiction either arises from diversity of citizenship or federal question jurisdiction. Here, the parties are not diverse. This court does not have subject matter jurisdiction over real estate or mechanic's liens unless both parties are completely diverse from one another and the jurisdictional minimum is met. As for federal question jurisdiction, the existence of federal question jurisdiction must be disclosed in the first complaint filed, rather than some later amendment: "A district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint." Schwarzer at 2:90.1 (quoting Morongo Band of Mission Indians v. Calif State Board of Equalization, 858 F.2d 1376 (9th Cir. 1988)). Although defective allegations of jurisdiction may be amended (see 28 U.S.C. § 1653), this is not a remedy for defective jurisdiction itself. Schwarzer at § 2:90.3. Thus, where the claim alleged does not "arise under" federal law, the complaint cannot be amended to allege a different claim – the action must be dismissed. Id. (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989)).

/////

In the instant action, plaintiff attempts to create federal question jurisdiction by stating "this is a private property issue and as such falls under the Federal Constitution under the Protections of no trespass on plaintiff's privilege and Immunities (1)-(8)." (Complaint at 3.) However, the dispute here arises from defendant's placement of a mechanic's lien against plaintiff's real property. Such a claim does not arise under federal law and therefore, plaintiff's complaint should be dismissed without leave to amend.

Finally, plaintiff attempts to raise claims of mail fraud, a violation of criminal statutes. (Complaint at 5.) However, plaintiff is a private citizen without the requisite prosecutorial authority. Therefore, this court lacks jurisdiction over such claims. See Powell v. Katzenbach, 359 F.2d 234 (D.C.Cir. 1965), cert. denied, 384 U.S. 906 (1966).

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant's April 21, 2006 motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; willis.mtd